In re TALTON.

(District Court, E. D. North Carolina. April 14, 1905.)

1. BANKRUPTCY—ALLOWANCES TO REFEREE—SERVICES AS SPECIAL MASTER.
   Where the statutory fees received by a referee are sufficient to compensate him liberally for all services rendered in a case, he will not be given a further allowance on account of an extra service rendered as special master in connection with a composition.

2. SAME—ATTORNEY'S FEES.
   Only reasonable compensation will be allowed attorneys in composition, when the rules of court are complied with.
   [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 897.]

In Bankruptcy. On report of referee and petition for allowances.

Davis & Godwin, for petitioning creditors.
H. L. Cook, for bankrupt.

PURNELL, District Judge. This cause is before the court now upon the report of the referee on allowances asked by attorneys. The bankrupt, it appears, by a mortgage of his wife's property, in which he testified he had no interest, and over which he had no control, has raised a sufficient amount to offer a composition of 40 cents on the dollar. Now comes the attorneys, and one asks for a fee of $175, and the attorney for the bankrupt for $50, to be paid out of the estate.

This court has at some length and with considerable labor tried to define the law in regard to attorney's allowances, with which it is presumed the counsel and referee are familiar; but it seems that the court is to continue to be plagued and harassed with petitions for exorbitant fees and allowances which petitioners would not charge unless callous to future patronage. In re Carr & Co., which came up from this division of the district, reported in 117 Fed. 572, which is in accord with the several cases reported in Loveland on Bankruptcy, 139 (2d Ed.), and with the opinion of Judge Brawley in Re Goldville Manufacturing Company (D. C.) 123 Fed. 579, this court laid down a rule for the allowance of attorney's fees, which rule must be adhered to and respected by referees and attorneys.

In the judgment of the court, a fee of $50 is full compensation for the service rendered by the attorney for the petitioning creditors, and $20 for the attorney of the bankrupt. This amount is allowed, and no more.

The petition of the referee for an allowance as special master is refused. The amendment to the bankrupt law of 1903 allows him $15, and 25 cents on each claim, and one-half of 1 per cent. on amounts paid out. He has held two meetings, and will receive for these services over $40. The court cannot see that he is entitled to any more. True, this is a service not required of him strictly under the statute, as composition proceedings are to be heard by the judge; but it is in aid of the court and for the convenience of parties, and an officer of the court should be willing to render this service, especially when he is well paid under the statute.

Petitions all disallowed, except as herein specified.